## Bryan *v.* Stempkowski, Appellant.

*Mechanics' liens—Sub-contractor—Liens—Right to file—Amount.*

The right of a sub-contractor to the security of a lien is not controlled by the price fixed in the contract between the owner and the contractor. The sub-contractor is entitled to the benefit of a lien for the amount of the debt due him, for the labor and materials contributed to the erection of the owner's property.

The theory of the law is that the persons thus adding to the value of the owner's estate are entitled to the security of a lien, unless the latter has protected himself by a contract against liens as authorized by law. The underlying theory of the mechanic's lien legislation is that it is equitable that he who furnishes material or labor for the benefit of the owner should be made secure against the property on which the structure was erected, and this equitable doctrine runs in favor of the sub-contractor as well as the contractor. The statute does not limit the sub-contractor's right to the amount to which the contractor is entitled. All debts due to the sub-contractors may be made liens against the real estate.

Argued April 29, 1926. Appeal No. 176, April T., 1926, by defendant, from judgment of C. P. Allegheny County, April T., 1926, No. 82, in the case of Frank Bryan v. Antoni Stempkowski and Magdalena Stempkowski, Owners. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Sci. Fa. sur Mechanic's Lien. Before SHAFER, P. J.

The facts are stated in the opinion of the Superior Court.

Judgment in favor of plaintiff in the sum of $335.40. Defendants appealed.

*Error assigned* was the judgment of the court.

*A. C. Christiansen,* for appellant, cited: Campbell v. Scaife, 1 Phila. 187; Schroeder v. Galland, 134 Pa. 277; Taylor v. Murphy, 148 Pa. 337; Waters v. Wolf, 162 Pa. 153; Brown v. Cowan, 110 Pa. 588; Vickery v.

Richardson, 189 Mass. 53; Bower, v. Phinney, 162 Mass. 593; Laird v. Moonan, 32 Minn. 358.

*Leonard M. Boehm,* for appellee, cited: 27 Cyc. 212; Atwood v. Williams, 40 Me. 409.

OPINION BY HENDERSON, J., July 8, 1926:

This is a proceeding in the nature of an amicable scire facias sur mechanic's lien to determine the extent to which a sub-contractor may claim where the aggregate amount of the claims of sub-contractors exceeds the price for which the contractor agreed to complete the building which is the subject of the liens. The appellant contends that the sub-contractors are limited to the contract price fixed by the owner and the contractor, and that if the claims of sub-contractors amount in the aggregate to more than the sum which the owner obligated himself to pay the contractor, the sub-contractors are limited to their proportionate shares of the amount which the building was to cost the owner. An agreement of facts was filed by the respective counsel from which it appears that there was no contract against liens between the owner and the contractor. There is no controversy therefore as to matters of fact; the sole question being whether the sub-contractor is entitled to his full claim for materials furnished, irrespective of the cost of the building stated in the agreement between the owner and the contractor. The second section of the Act of June 4, 1901, P. L. 431, provides that every structure and the appurtenant curtilage shall be subject to a lien for the payment of "all debts due to the contractor or sub-contractor in the erection and construction or removal thereof." The first section defines a "sub-contractor" as one who ......"supplies or hauls material reasonably necessary for and actually used," etc. As the claimant here furnished material, he is within the description of the first section and is entitled to the security provided by

the second section of the act. The provisions are not new to the legislation of the state with respect to mechanic's liens and the language of the enactment leaves us in no doubt as to the legislative intention. Much of the work and material furnished in the erection of buildings is provided by sub-contractors whose authority to act comes from the contractor who in the particular instance derives his authority either expressly or impliedly from the owner, and the latter is put on notice of the possibility that his property may be charged with the cost of material or of labor for which the contractor should pay, and provision is made that he may protect himself against liability for more than he has paid or may pay to the contractor under his agreement. If he fail so to do, he is subject to the risk of dishonesty or insolvency of the contractor and the liability of a double payment. The statute does not limit the sub-contractor's right to the amount to which the contractor is entitled. All debts due to the sub-contractors may be made liens against the real estate. Ordinarily a sub-contractor has no means of ascertaining what the extent of the claims of other sub-contractors is, and in the case of large undertakings, it might be exceedingly difficult to ascertain such facts. Partial payments on account would also be involved. It was not intended that each contributor to the erection of a structure as a sub-contractor should enter into a definite inquiry as to the extent of the existing or possible claims of sub-contractors. The theory of the law is that the persons thus adding to the value of the owner's estate are entitled to the security of a lien, unless the latter has protected himself by a contract against liens as authorized by the statute. It is implied in the law that the contractor may secure the aid of competent persons and acquire the necessary material to construct the building, and to do this at the charge of the owner. The underlying theory of the mechanic's lien

legislation is that it is equitable that he who furnishes material or labor in the construction of a building for the benefit of the owner should be made secure against the property on which the structure was erected and this equitable doctrine runs in favor of a sub-contractor as well as the contractor. As the legislature has fixed no limit to this right of lien, except the amount of the debt created in his favor, we are not authorized to enforce a different rule. Such liens are the creation of statutes. What the law prescribes is the rule by which courts are governed. The agreement between an owner and the original contractor is not binding on a sub-contractor beyond the extent to which it relates to his particular contribution to the improvement, and the failure of the contractor to fully complete his work is not an impediment in the way of a sub-contractor to recover from the property what ought to have been paid to him by the contractor. The law accords to the owner adequate protection against liability other than that in favor of the principal contractor, and as long as the policy of special liens is recognized in our legislation, it is reasonable that appropriate security be provided for in favor of those who have made contribution of material or work to the improvement involved. It is our opinion that the right of a sub-contractor to the security of a lien is not controlled by the price fixed in the contract between the owner and the contractor, and that he is entitled to the benefit of a lien for the amount of a "debt" due him for labor and material contributed to the erection of the owner's property, if compliance be made with the law in other respects.

The assignment is overruled and the judgment affirmed.